IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DANIEL J. CAMPBELL,

          Petitioner,

   vs.

SCOTT FRANKES,

          Respondent.

**8:20CV92**

**MEMORANDUM AND ORDER**

This matter is before the court on preliminary review of Petitioner Daniel J. Campbell's Petition for Writ of Habeas Corpus (filing 1) brought pursuant to 28 U.S.C. § 2254. The purpose of this review is to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal court. Condensed and summarized for clarity, Petitioner's claims are:

Claim One:        Petitioner received ineffective assistance of counsel because counsel (1) failed to argue Petitioner's motions for new trial or withdraw and allow Petitioner to argue the motions himself; (2) continued to represent Petitioner through the appeal despite obvious dissatisfaction with his performance; (3) failed to properly investigate and challenge the production of the weapon found months after the incident; (4) failed to challenge and properly cross-examine and impeach the State's witness, Marissa McCormack; (5) failed to seek independent testing of the firearm alleged to have been used in the incident; (6) failed to depose one of the State's witnesses, Christian Sipherd, and present to him a lineup to show that no identification of Petitioner could be made; (7) failed to challenge and seek evaluation of McCormack's

competency; (8) failed to object to testimony regarding Petitioner's possession of the same or a similar shotgun days before the incident; (9) failed to challenge discussion between two witnesses in close proximity to one of the jurors as violating the sequestration order and denying Petitioner a fair trial; (10) failed to challenge certain jury instructions as incomplete; (11) failed to seek an independent evaluation of DNA evidence to show it as inconclusive; (12) failed to have the gunshot residue testing that was done processed; and (13) failed to sequester the jury in light of the recent shooting of an Omaha police officer.

Claim Two:   Petitioner was denied his right to a fair trial because of jury misconduct where two of the State's witnesses discussed the case in detail outside of the courtroom while a jury member listened in and admitted to asking a question.

Claim Three:   Petitioner was denied his right to a fair trial because the jury instruction on the charge of discharging a firearm while in or in proximity of any motor vehicle at any person or occupied motor vehicle improperly excluded the term "recklessly."

The court determines that these claims, when liberally construed, are potentially cognizable in federal court. However, the court cautions Petitioner that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

IT IS THEREFORE ORDERED that:

1.      Upon initial review of the habeas corpus petition (filing 1), the court preliminarily determines that Petitioner's claims, as they are set forth in this Memorandum and Order, are potentially cognizable in federal court.

2.      By **August 24, 2020**, Respondent must file a motion for summary judgment or state court records in support of an answer. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **August 24, 2020**: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

3.      If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

    A.      The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

    B.      The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

    C.      Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief must be served on Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondent's motion and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the

court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.      No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the court.

E.      No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

F.      If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

4.      If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

A.      By **August 24, 2020**, Respondent must file all state court records that are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained

4

in a separate filing entitled: "Designation of State Court Records in Support of Answer."

B.   No later than 30 days after the relevant state court records are filed, Respondent must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C.   Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's answer and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.   No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the court.

      E.     No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

      F.     The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **September 23, 2020**: check for Respondent's answer and separate brief.

5.     No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

6.     The clerk of the court is directed to update the case caption to reflect the correct spelling of Respondent's name as "Scott Frakes."

Dated this 8th day of July, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge